# THE

# New York Supplement.

## VOLUME 31.

(10 Misc. Rep. 273.)

### REYDELL v. REYDELL.

(City Court of Brooklyn, General Term. November 26, 1894.)

SPECIFIC PERFORMANCE—MARKETABLE TITLE.

Where the vendor has owned the premises about a year, and there are two lines of record owners, but the vendor does not show which line of record owners were in possession before he acquired title, specific performance will not be decreed.

Submission, without action, on agreed statement of facts, of controversy between Louise Reydell, plaintiff, and Adam Reydell, defendant. Judgment for defendant.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Jas. J. Philip, for plaintiff.

E. Raymond, for defendant.

VAN WYCK, J. This is a submission, under section 1279 of the Code of Civil Procedure, upon admitted facts, of the question as to whether specific performance of a contract of sale of real estate should be enforced in favor of plaintiff against the defendant. It seems from the agreed facts that the owner of certain premises, of which those in question herein were a part, mortgaged the same in 1851 for $2,000; that the mortgage was thereafter assigned, and the holder thereof, in 1863, foreclosed it, but failed to make the owner of the particular premises in question a party to the action, such premises having been conveyed by the mortgagor after the mortgage was given, but before the foreclosure suit was instituted; that under the foreclosure judgment the sheriff conveyed to the plaintiff the mortgaged premises, which included the premises to which the contract of sale herein relates. The grantee of the sheriff subsequently conveyed the premises conveyed to her. The plaintiff herein (the vendor) does not claim the premises under the chain of title made out through the mortgage sale under foreclosure. She claims under the chain of title from the owner to whom the mortgagor conveyed prior

v.31n.y.s.no.1—1

to the foreclosure action, and who was not a party to that action. The deed of the premises to plaintiff herein is dated April 12, 1893, and neither the plaintiff nor defendant has any knowledge or information as to who has had possession of the premises prior to that date, or has made claim to the same. Nothing before us shows whether the premises are improved, or even inclosed. It seems to us, from such circumstances, that the assumption is just as rational that one line of record owners has been in possession as the other. The mortgage, foreclosure sale, and inability of the vendor (plaintiff) to give any information as to which line of record owners have exercised ownership or been in possession, or claimed possession prior to April 12, 1893, leaves the title involved in so much mist, without further explanation or light, as to render it unmarketable. We think a vendor who has owned the premises about a year, where there are two lines of record owners, should not ask specific performance without informing himself somewhat about the title prior to his deed, and imparting such knowledge to the vendee. We cannot see how the Cowell proceedings, under Laws 1862, c. 365, § 1 (Rev. St., Banks' 8th Ed., p. 2481), can help the vendor, for the admission does not show that the petition filed gave jurisdiction, or what parties were required to show cause by the court. We think the defendant should have judgment. All concur.